## William Junge, Appellee, v. South Halsted Street Iron Works, Appellant.

### Gen. No. 18,884.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. PAUL McWILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed October 7, 1914.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Statement of the Case.

Action by William Junge against South Halsted Street Iron Works, a corporation, to recover for personal injuries sustained by plaintiff while unloading structural iron from a wagon. To reverse a judgment in favor of plaintiff for sixty-five hundred dollars, defendant appeals.

The facts showed that plaintiff was a structural iron worker of twenty years experience and had been in defendant's employment for about six weeks prior to his injury. Plaintiff was put to unloading structural iron from wagons at a place where a building was in course of construction. The iron which plaintiff was unloading was slippery because of wet paint thereon, and plaintiff, on Friday or Saturday before his injury on the following Monday, notified the foreman that he would quit his job if the iron continued to come wet and slippery. The foreman replied: "Well, we will see. I will telephone and see that we get it remedied, so that we do not get any more stuff like that." Plaintiff relying on the promise continued work and received his injury while unloading the next load. It appeared that plaintiff and one Stream were directed by the foreman to unload the wagon in question. They went to the wagon and first removed a loose chain from around it, and looked at the iron or steel and touched it with their hands to see if it was dry and safe, and remarked to each other that it was dry and looked good. They then removed from the top of the load the small T-iron, the paint on which was dry. The load of steel extended above the short stakes or standards on the bolsters of the wagon and above the wheels. Mr. Stream was looking for a bar to pinch off the heavy pieces while plaintiff got on top of some smaller irons piled on an elevated place by the side of the wagon to straighten them out so the heavy iron could be unloaded on top of them without bending any of the

iron.  While plaintiff was thus at work, about four feet from the wagon and about opposite the hind wheels, there was suddenly a slight jar or move of the wagon and at the same instant a large lintel, about eighteen inches wide on its base and from fourteen to sixteen feet long, "shot out from the load" and almost cut off one of his feet.  Mr. Stream gave plaintiff warning just as the lintel started, but the warning was too late.  The lintel in question was slightly tilted out of the horizontal position, and its broad face or bottom was faced up close against the face or bottom of a similar lintel.  The paint on the outside of those two lintels looked to be dry but their two faces that were touching each other were wet and slippery, because the paint had not been dried before they were loaded.  The witnesses described them as "slippery as soap," and attributed the sliding of the lintel the distance it was thrown to that slippery condition, which overcame the friction that would otherwise have held them together.  They were not able to say whether it was a move of the team or the movement of the lintel as it went out of the wagon that caused the sudden move or jar of the wagon.

H. L. HOWARD, for appellant.

HAYDEN N. BELL and FRANK O. CAMPE, for appellee.

MR. JUSTICE DUNCAN delivered the opinion of the court.

## Abstract of the Decision.

1.  MASTER AND SERVANT, § 398*—*assumption of risk.*  A structural iron worker injured while unloading iron on account of its slippery condition resulting from wet paint, *held* not to have assumed the risk, where shortly before receiving the injury he notified the foreman of his intention to quit his job unless the danger was removed, and he received a promise of the foreman that the danger would be

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

removed and relying on such promise he continued to work, it also appearing that the load of iron which he was unloading at the time of the injury appeared to be dry and to indicate that the promise had been complied with.

2. MASTER AND SERVANT, § 559*—*when filing general issue only admits ownership of instrumentality complained of.* In an action by a servant against his master for personal injuries where the defendant filed only the general issue to plaintiff's declaration, *held* that the ownership of this instrumentality complained of was admitted by the pleadings where the declaration charged defendant had ownership and control thereof.

3. MASTER AND SERVANT, § 701*—*when finding as to proximate cause warranted by the evidence.* In an action by a structural iron worker to recover for personal injuries alleged to have been caused by the slippery condition of the iron by reason of wet paint thereon, while he was unloading the same from a wagon, where defendant claimed that a movement or jar of the wagon caused one of the irons to shoot out from the load, *held* that the evidence warranted the jury in finding that the slippery condition of the iron was the proximate cause of the injuries where it appeared that the iron would not have shot out from the load but for its slippery condition.

4. MASTER AND SERVANT, § 786*—*when instruction may ignore defense of assumption of risk.* An instruction given for plaintiff which ignored the defense of assumed risk, *held* not reversible error where the evidence showed plaintiff did not assume the risk.

5. MASTER AND SERVANT, § 776*—*when instruction as to proximate cause proper.* In an action by an employee for personal injuries alleged to have resulted from the slippery condition of iron, an instruction given for plaintiff which, in effect, told the jury that although some other agency was a contributing cause of the injuries, yet if they believed that the slippery condition of the iron was also a proximate cause, plaintiff's recovery could not be defeated because of the other concurring or contributing cause, *held* proper.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.